UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bunn Enterprises, Inc. et al. | : | |
| | : | Case No. 2:13-CV-357 |
| | : | |
| Plaintiffs, | : | Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Terence K. Kemp |
| | : | |
| Ohio Operating Engineers | : | |
| Fringe Benefit Programs | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSTION TO PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER**

**I.  INTRODUCTION**

Plaintiffs are Bunn Enterprises, Inc., ("Bunn") a company incorporated within the State of Ohio and located in Fleming, Ohio, and Kevin W. Bunn, Delbert G. Newlon, Delbert G. Newlon, Daniel J. Lantz, Mark A. Morgan, Michael S. Schau, and David E. Welch, all of whom, to the best of Defendants' knowledge, either are presently or were previously employees of Bunn.  Bunn is also an employer obligated to make fringe benefit contributions to the Trustee on behalf of its employees by collective bargaining agreements ("CBA") with the Union.

Defendants are the Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund and the Ohio Operating Engineers Safety & Education Fund (the "Funds").  The Funds are jointly-administered, multi-employers fringe benefit programs, established for the benefit of employees of contractors who perform pursuant to an agreement with the International Union of Operating Engineers, Local Nos. 18, 18A, and 18B (the "Union").  The Administrator of the

1

Funds is Raymond Orrand. Since Plaintiffs provide pension, health and welfare and other fringe benefits to beneficiaries of the Funds.

## II. STATEMENT OF FACTS

### A. January 3, 2012 Audit

On January 3, 2012, the Defendants performed an audit of Bunn's payroll records for the period of January 1, 2008 through November 1, 2011. **(See January 3, 2012 Audit, including letter, attached as Exhibit A)**. From the examination of its payroll records, the Auditor, Douglas Baker, determined that Bunn owed delinquent fringe benefit contributions for unpaid hours during this period. All of the unpaid hours discovered by the Auditor were strictly related to work performed by Delbert G. Newlon. For the year 2008, Bunn failed to pay fringe benefit contributions for 328.5 hours of work performed by Mr. Newlon. **(See pgs. 3-4).** For the year 2009, a total of 182.5 hours were shown as unpaid for Mr. Newlon. **(Pgs. 5-6).** No unpaid hours were found for 2010. For 2011, a total of 15 unpaid hours were found as work performed by Mr. Newlon. **(Pg. 7).** After the total number of unpaid hours were calculated and applied to the hourly rate for each trust fund, a total of $8,800.05 was owed by Bunn with $5,627.74 in delinquent fringe benefit contributions and $3,172.31 in late charges.[1] **(See pg. 1).**

### B. February 21, 2012 Audit

On February 2, 2012, Mr. Baker performed another audit of Bunn's payroll records to find additional hours worked by Mr. Newlon that were not included in the first audit.[2] **(See February 21, 2012 Audit and cover letter attached as Exhibit B).** This Audit covered the same period of time as the January 3, 2012 Audit. For the year 2008, the Auditor found 257.5

---

[1] The late charges were based on amount due if paid by February 15, 2012.
[2] In his findings from the first audit, Mr. Baker noted that that Mr. Newlon had performed work that was not considered operating work. This work was described as either farm work or work performing various errands for the company.

additonal unpaid hours for Mr. Newlon. **(Pgs. 4-5).** For 2009, he found 390.5 additional unpaid hours. **(Pgs. 6-8).** For 2010, there were 892.5 additional unpaid hours. **(Pgs. 9-10).** For 2011, there were 1,133.50 additional unpaid hours worked by Mr. Newlon, bringing the total of additional unpaid hours to 2,674 for the entire audit period. **(Pg. 12).** With these additional hours calculated by the hourly rate for each Trust Fund, Bunn owed $37,702.95 in delinquent fringe benefit contributions and $12,183.63 in late charges for a total of $51,297.53.[3] **(Pg. 1, cover letter).**

### C. Application of Payment After February 21, 2012 Audit

After this audit, all subsequent payments made by the Defendants were applied to the outstanding balance. On March 20, 2013, Defendants sent a letter to Bunn which acknowledges all payments which it has received from Bunn since February 1, 2012. **(A copy of this letter is attached Exhibit C).**

### D. Current Status of Plaintiffs' Health & Welfare Benefits for Plaintiffs

The current status of Plaintiffs' Health & Welfare Benefit varies from person to person. Michael Schau is a member of the International Union of Operating Engineers, Local 181. He also has not worked enough hours within the jurisdiction of Local 18 to be a participant in Defendants' Health and Welfare Plan. **(See Raymond Orrand's Affidavit, ¶8 attached as Exhibit D).**

Similarly, David Welch was member of the International Union of Operating Engineers, Local 18 ("Local 18"), and a participant in the Defendants' Health and Welfare Plan, but on December 17, 2012, Mr. Welch signed a Health & Welfare Reciprocity Agreement in which he stated that he is a member of Local 84, and that his "Home Fund" belongs in Terra Haute,

---

[3] Late charges was based on total amount due if paid by March 15, 2012.

Indiana.[4]  Defendants received his transfer authorization form on February 28, 2013.  Defendants transferred all available money for all hours worked to Local 841, and any future money received by Defendants' is automatically transferred to Local 841.  Prior to his transfer, our records indicated that he never lost eligibility in the Defendants' Health and Welfare from September 1, 2007 to the date of transfer.  **(See Affidavit ¶9).**

Kevin Bunn is the owner of Bunn Enterprises, Inc. and a participant in the Defendants' Health and Welfare Plan.  He is presently eligible for Health and Welfare Benefits until July 31, 2012.  According to our records, his eligibility has been continuous since 2003.  **(See Affidavit ¶3).**

Daniel Lantz is presently a member of Local 18 and a participant in the Defendants' Health and Welfare Plan.  According to our records, Mr. Lantz is retiring as of April 30, 2012, and he has chosen to remain eligible for health and welfare benefits by making self-pay contributions by deduction through his pension check.  His eligibility for health and welfare benefits has not been suspended since February, 2008.  **(See Affidavit ¶6).**

Mark Morgan is presently a member of Local 18 and a participant in the Defendants' Health and Welfare Plan.  According to our records, Mr. Morgan was eligible for health and welfare benefits until January 31, 2013. Presently, he is not eligible for health and welfare benefits due to hours not paid by Bunn.  **(See Affidavit ¶7).**

Delbert Newlon is presently a member of Local 18 and a participant in the Defendants' Health and Welfare Plan.  According to our records, he was eligible for health and welfare benefits until March 31, 2012.  Mr. Newlon signed a Permanent and Irrevocable Waiver of

---

[4] The form does provide the specific name of the Home Fund, but Mr. Welch's handwriting illegible.

Coverage to waive his rights to participate in the Plan.[5] He has not been a participant in the Plan since March 31, 2012. Prior to this date, there was no gap in his health and welfare benefits since 2001. **(See Affidavit ¶5).**

In regards to his pension, payments to Mr. Newlon have been revoked since December 1, 2011 after it was discovered in the January 3, 2012 Audit that he was still employed by Bunn. Under the terms of the Ohio Operating Engineers Pension Plan, a retiree is not eligible for pension payments if that person is working at least 40 hours per month. Mr. Newlon's retirement eligibility may be reinstatement upon receipt of written notification from him that he has since retired.

### III. LAW AND ARGUMENT

#### A. Plaintiffs Have Failed to Show The Existence of Irreparable Harm

Under Fed. Civ. Pro. R. 65(b), a court must balance the following factors to determine whether or not to grant a preliminary injunction:

(1) Whether the party seeking injunction has shown a substantial likelihood of success on the merits;

(2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

(3) Whether an injunction will cause others to suffer substantial harm, and;

(4) Whether the public interest would be served by a preliminary injunction;

Wilkins v. Daniels, 2012 WL 6644465, (S.D. Ohio 2012); *See also* Montgomery v. Carr, 848 F. Supp. 770, 775 (S.D. Ohio 1993), citing Southern Milk Sales, Inc., v. Martin, 924 F. 2d 98, 201 (6th Cir. 1991). With regards to the issue of irreparability, "although no single factor is

---

[5] On that date, Mr. Newlon was only eligible for the "Medicare Advantage Plan" through the Health and Welfare Plan. A participant who does not want to participant in this coverage must sign this form. However, a participant will still retain health and welfare eligibility until eligibility through his paid work hours has expired.

determinative of the availability of a preliminary injunction, In re DeLorean, 755 F. 2d 1223 (6th Cir. 1985), a failure to demonstrate the existence of an irreparable injury absent preliminary injunction can be fatal to a motion for a preliminary injunction." Carr at 775.  Monetary or economic harm by themselves do not constitute irreparable harm.  Id., (citing State of Ohio ex rel. Celebrezze v. N.C. R., 812 F. 2d 288, 290 (6th Cir. 1987).

      Given the above facts, Plaintiffs have failed to demonstrate the existence of irreparable harm.  Two of the seven Plaintiffs (Mr. Bunn and Mr. Lantz) are presently eligible for health and welfare benefit.  Three of the other five Plaintiffs are not eligible because they either opted out, never met initial requirements, or transferred to another union.  For those who are or were members of the Defendants' Health and Welfare Plan, none of them, except for Mark Morgan, have lost eligibility prior to 2008 and prior to their decision to leave the Plan.  None of these Plaintiffs, except Mr. Morgan, lost their health and welfare benefits because of the Plaintiffs' policy of applying employer payments to the oldest outstanding fringe benefit contributions and late charges.

      With regards to Mr. Morgan, Plaintiffs will concede that his loss of benefits can be attributed to the above-mentioned policy, although the enforcement of this policy is necessary to ensure payment of Bunn's delinquent fringe benefit contributions.[6]  Further, Defendants have not provided any documentation or even specific allegations within their motion that describe the irreparable harm which Mr. Morgan may suffer beyond monetary or economic damages.[7]  In David L. Adams v. Freedom Forge Corp., 204 F. 3d 475, 486-487 (3rd Cir. 2000), the court rejected the ruling made in United Steel Workers of America, AFL-CIO v. Textron, Inc., 836 F.

---

[6] Defendants will be filing an Answer and Counterclaim which will indicate, in particularity, the delinquent fringe benefit contributions and late charges owed by Bunn.
[7] This lack of evidence of irreparable harm also includes the suspended pension benefits for Mr. Newlon.  Pension is nothing other than a monetary loss.

2d 6,8 (1st Cir. 1987) in which "generally believed facts" as a basis for a preliminary injunction, stating that "[a] preliminary injunction may not be based on facts not presented at a hearing, or not presented through affidavits, deposition testimony, or other documents, about the particular situations of the moving parties."  In other words, a court must use evidence presented by the movant as the basis for establishing irreparable harm.

As an counterargument, Plaintiffs may cite two cases which they have already cited in their Motion.  In Mamula v. Satralloy, Inc. 578 F. Supp. 563 (S.D. Ohio 1983), and Chartier v. J & F Management Corp., 1992 WL 367115 (S.D. N.Y. 1992, the courts granted a preliminary injunction to enjoin the suspension of medical benefits.  However, the courts in both cases granted the injunction only after it found that the Plaintiffs met the other three elements for a preliminary injunction under Federal Rule 65(b).  J & F Management at 6; Satralloy at 578.

## IV. CONCLUSION

Given the above facts, the Plaintiffs have failed to prove the existence of irreparable harm because the Plaintiffs are:  (a) presently eligible; (b) were eligible, but chose to no longer participate in the Plan; (c) or lack of evidence of irreparable harm.

**WHEREFORE**, Plaintiffs' Motion for a Temporary Restraining Order should be **DENIED**.

Respectfully Submitted.

/s/ Bryan C. Barch
Bryan C. Barch (0075922)
In-House Counsel
Ohio Operating Engineers
1180 East Dublin Rd.
Columbus, Ohio 43215
(614) 488-0708
(614) 488-3720 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order, was filed electronically, a copy of which will be served upon the following by the operation of that system on this 23rd day, of April, 2013:

Ronald L. Mason
Mason Law Firm Co. LPA
425 Metro Place North
Suite 620
Dublin, OH. 4301

       /s/ Bryan C Barch
       Bryan C. Barch