**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BUNN ENTERPRISES, INC., *ET AL*. | : | CASE NO. 2:13-CV-00357 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE MARBLEY |
| v. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| THE OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS | : : : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S OPENING BRIEF IN OPPOSITION TO PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION**

**I.    INTRODUCTION**

The Temporary Restraining Order issued by the Court acknowledges that it was issued without consideration of "whether the Plaintiffs are likely to succeed on the merits." See TRO, p. 4. To obtain a preliminary injunction Plaintiffs bear a stringent burden to prove that they have a strong likelihood of success on the merits. They cannot. In fact, the claims of the individual Plaintiffs could not survive a motion to dismiss. The individual Plaintiffs challenge current and apparently future determinations by the Defendant regarding eligibility for health and welfare ("H&W") benefits. Plaintiffs have failed to exhaust their administrative remedies, as required to assert such claims. Moreover, Plaintiffs lack a ripe justiciable disputes with the Funds.

Bunn Enterprises is merely using its employees in an attempt to gain some advantage in its dispute with the Funds over its failure to pay contributions on behalf of its employees. The individual Plaintiffs should be asserting causes of action against Bunn Enterprises, not the Funds.

1

**II.     LAW AND ARGUMENT**

    **A.     Standard for Issuance of Preliminary Injunction**

When considering a motion for a preliminary injunction, a district court must balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." Am. Freedom Def. Initiative v. Suburban Mobility Auth., 698 F.3d 885, 889-890 (6th Cir. 2012).  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion" because a preliminary injunction is an extraordinary remedy." McNeilly v. Terri Lynn Land, 684 F.3d 611, 615 (6th Cir. 2012).  Under this standard, Plaintiffs are not entitled to injunctive relief.

    **B.     Plaintiffs Cannot Succeed on the Merits.**

        **1.   Plaintiffs Have Failed to Exhaust their Administrative Remedies.**

The Sixth Circuit has held that "the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 504 (6th Cir. 2004) (quoting Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991)). "This is the law in most circuits despite the fact that ERISA does not explicitly command exhaustion." Coomer, 370 F.3d at 504 (quoting Ravencraft v. UNUM Life Ins. Co., 212 F.3d 341, 343 (6th Cir. 2000)).  The exhaustion requirement "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the

fiduciaries' actions." Ravencraft, 212 F.3d at 343 (quoting Makar v. Health Care Corp., 872 F.2d 80, 83 (4th Cir. 1989)); see also Barix Clinics of Ohio, Inc., 459 F. Supp. 2d at 621-622.

Plaintiff Morgan has commenced this action to challenge the determination of the Health and Welfare Plan Administrator that he is not eligible for benefits. Plaintiffs Bunn and Lantz are currently eligible for benefits from the H&W Fund, but are apparently challenging the anticipated future loss of benefits. Plaintiffs Schau and Welch concede they are currently ineligible for benefits from the H&W Fund, but apparently challenge some future decision be the H&W Fund to deny them benefits in the future should they become eligible. Separately, Plaintiff Newlon challenges the Pension Fund's October 2011 decision to suspend his benefits.

In addition to the obvious lack of ripeness of many of Plaintiffs claims, none of the individual Plaintiffs have exhausted their administrative remedies. This failure alone is fatal to their claims against the H&W and Pension Funds.

The H&W Plan Section IX provides:

> If the Plan Administrator determines that a claimant is not eligible as a Member or Eligible Dependent under Section II, the claimant may request that the Trustees review that determination. The request must be made in writing, must include the reasons for requesting the review, and must be submitted to the Plan Administrator within 180 days after the date that the determination is made. The claimant may submit additional evidence of eligibility.

Section IX, ¶ I.2.

Section IX further states: "No lawsuit can be brought to recover under the Plan unless the claimant has complied with the applicable appeal procedures and completed the appeal process." Section IX, ¶ I.3.

The Section 14.03 of the Pension Plan has similar provisions:

**Review Procedure**

3

> If a claim for benefits is denied, the claimant may request a review of the claim by the Trustees within 60 days after notice of the denial (180 days in the case of a claim for disability benefits pursuant to Section 4.03 of the Plan).
>
> * * *
>
> No action at law or equity shall be brought against the Trustees to recover under the Plan unless the claimant has complied with the claims and review procedures and exhausted his administrative remedies.

The individual Plaintiffs are challenging an eligibility determination of the Plan Administrator. The Plan provides for an appeal process for those determinations. That appeal process is a prerequisite to initiating any action in this Court. Having failed to exhaust their administrative remedies, Plaintiff's claims against the Funds fail as a matter of law. See Ravencraft v. UNUM Life Ins. Co. of America, 212 F.3d 341, 344 (6th Cir. 2000); see also, Douglas Willard v. Ohio Operating Engineers Pension Plan, Case No. 2:12-cv-266, p. 8 (S.D. Ohio Jan. 13, 2013)(attached hereto as Exhibit A).

### 2. Plaintiffs' Claims Are Not Ripe.

Defendant presumes that claims of Bunn Enterprises and of Delbert Newlon are not part of the Preliminary Injunction hearing for the reasons this Court stated in its Temporary Restraining Order; i.e., there is no irreparable harm. (See ECF Doc. No. 8, p. 3) ("the dispute between Plaintiff Bunn and Defendant is only over a matter of money owed"). Of the remaining claims of Plaintiffs Lantz, Morgan, Schau, and Welch, only the claims of Morgan could be ripe.

The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580, 87 L. Ed. 2d 409, 105 S. Ct. 3325 (1985). The Sixth Circuit has refined this sentiment. Brown v. Ferro Corp., 763 F.2d 798, 801 (6th Cir. 1985) ("The ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the

4

court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances."). In undertaking a ripeness analysis, courts must weigh several factors, including the likelihood that the harm alleged by plaintiffs will ever come to pass. Thomas, 473 U.S. at 580-81 (finding a case not ripe when it involved "contingent future events that may not occur as anticipated, or indeed may not occur at all.'")

Presently, Morgan is not eligible for health and welfare benefits. He may appeal that determination to the Trustees (See Section B.1., *supra)* upon completion of the appeal, he may seek judicial review of that decision under an arbitrary and capricious standard. Rhodes v. Prudential Ins. Co., 2010 U.S. Dist LEXIS 128383, at *16 (S.D. Ohio Dec. 6, 2010) (J. Marbley)

Plaintiffs Schau and Welch are admittedly not currently employed by Bunn Enterprises and seek relief only in the event that they "return to work for Bunn Enterprises and once again become eligible for health benefits through the Fund." See Temporary Restraining Order p. 4 (ECF Doc. #8). A number of unknowable future contingencies will impact Schau and Welch's eligibility for benefits. For instance, either plaintiff could work for another contributing employer and have sufficient hours contributed to support their future benefits. Bunn Enterprises could make contributions on behalf of Schau and Welch for past service that would entitle them to benefits even if they do not return to work for Bunn. Schau or Welch could make self-pay contributions to continue their coverage. Thus, the status of Schau and Welch's H&W benefits at some unknown future date when they may return to work for Bunn Enterprises is dependent upon many future contingencies. Any claims that Schau and Welch may have in the future are not yet ripe.

Plaintiff Lantz is currently eligible for H&W benefits, and has given notice that he intends to retire effective April 30, 2013. Lantz will be eligible for benefits through the date of

5

his retirement and has elected to continue his coverage with self-pay contributions into retirement.  Finally, Plaintiff Bunn too is currently eligible for H&W benefits and has sufficient contributions to provide coverage through July 31, 2013.  If Bunn or another employer makes additional contributions, Mr. Bunn's coverage can be extended.

Each of the individual Plaintiffs have failed to exhaust their administrative remedies and only Morgan has a ripe justifiable dispute in that he has lost his H&W benefits.  Absent a ripe dispute, Plaintiffs cannot demonstrate a strong likelihood of success nor can they demonstrate actual harm, let alone irreparable harm.

### 3. Plaintiffs Health and Welfare Benefits Have Been Jeopardized By Bunn Enterprises Failure to Make Contributions to the Fund.

Plaintiffs' request for injunctive relief is premised upon the flawed contention that Defendant has "withheld insurance benefits" from the individual plaintiffs.  See Motion for TRO p. 17.  To the contrary, the H&W benefits to which Plaintiffs' Motion refers have not been provided because no one has paid for them.  The H&W Fund provides health and welfare benefits to individuals for whom contributions are received from contributing employers.  To the extent Plaintiffs have suffered or may in the future suffer a lapse in coverage it will be because their employer, Plaintiff Bunn Enterprises, has failed to make sufficient contributions to the Funds to provide for those benefits.  Moreover, when a contributing employer fails to pay contributions or an individual suffers a period of unemployment, the H&W Fund provides them the opportunity to self-pay contributions to continue their elgibility.  Thus, Plaintiffs will only lose coverage if Bunn Enterprises fails to make the required contributions to the Funds and the individual Plaintiffs fail to make self-contributions.

Bunn Enterprises has failed to pay more than $ 50,000 in contributions owed to the Funds on behalf of its employees.  Compl. ¶ 41.  Much of the unpaid contributions are attributable to

6

Bunn Enterprises' failure to pay contributions based upon hours worked by operating engineers that Bunn Enterprises contends was outside the scope of the CBA with the Operating Engineers Union ("Local 18").  Bunn Enterprises contends that it is not obligated to make contributions based upon all hours paid to its employees but only based upon hours worked within the work jurisdiction of the Union.  Compl. ¶ 43.

Bunn Enterprises' position is inconsistent with the CBA and with the decades of precedent from this Court interpreting the very same contract language.    The CBA provides:

> Fringe benefit contributions shall be paid at the following rates ***for all hours paid*** to each employee by the Employer under this Agreement which shall in no way be considered or used in the determination of overtime pay.  Hours paid shall include holidays and reporting hours which are paid.

CBA at ¶ 35 (emphasis added).

This language has remained unchanged in the CBA for decades and has been repeatedly held by this Court to require contributions based upon all hours paid to the employees.  Whether an employee is performing non-covered work for some of the hours he worked is immaterial to determining the contributions due to the Funds.   Noe v. R.D. Jones Excavating, 787 F. Supp 759, 765 (S.D. Ohio 1992) (holding employer "obligated to contribute to the Fringe Benefit Funds based on all the hours worked by the employees, no matter the totality of their assignments"); Orrand v. Shope, 2001 WL 1763437, at * 2-3 (S.D. Ohio Jan. 30, 2001) (attached hereto as Exhibit B).

In Shope the employer made precisely the same argument as has Bunn under the same contract language.  Id. at *2.  This Court decided:

> The language of the [CBA] strongly support [the Funds] position.  It requires fringe benefit to be made for all hours paid to each employee by the employer without making a distinction between hours paid for covered employment and hours paid for other work.

7

Id. As recently as 2010, this Court has reaffirmed this interpretation of the CBA language. In 2010, this Court found that "*the language of the CBA is clear* that fringe benefit contributions are to be made for all employees performing work covered by the CBA **for all hours paid.** Orrand et al. v. Keim Concrete Pumping, Case No. 2:08-cv-1046, at p. 32 (Aug. 30, 2010 S.D. Ohio) (J. Marbley) (emphasis added).

In an effort to avoid the obvious conclusions of R.D. Jones and Shope, Plaintiffs contend that Sixth Circuit's 1994 Grimaldi decision somehow alters the holdings of R.D. Jones, Shope and Keim. It does not. The underlying collective bargaining agreements are vastly different in the hours for which employers must pay. In Grimaldi, "[t]he parties stipulated that driveway and sidewalk work was covered by the Agreement and have also stipulated that contributions were not required for other concrete pouring work." Id. Unlike Grimaldi, Bunn Enterprises' CBA with the Union requires contributions based on all hours paid regardless of "the totality of their assignments." R. D. Jones, 787 F. Supp. at 765. Moreover, Grimaldi focused on an employer's obligation to maintain adequate records reflecting the hours worked by employees under the CBA. In Grimaldi accurate records reflecting employees covered work hours versus non-covered work hours were important because the CBA in that case only required contributions be paid based on hours spent on covered work. Michigan Laborers v. Grimaldi Concrete, Inc., 30 F. 3d 692, 694 (6th Cir. 1994). Here, the collective bargaining agreement requires that contributions be paid for all hours paid, including holidays, when no work is performed. Thus, both Shope and Keim were correctly decided. Because Plaintiffs' argument in contrary to decades of binding precedent, they cannot demonstrate a strong likelihood of success on the merits.

C.      **Plaintiffs Have Not Established Irreparable Injury.**

A plaintiff's harm is irreparable only if it is not fully compensable by monetary damages. Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 578 (6th Cir. 2002).  Here, Plaintiffs allege no injury that could not be compensated through monetary damages.

First, Bunn Enterprises could pay the audit amount to the Funds and then proceed with its declaratory judgment action (not under ERISA, however).[1]  If Bunn Enterprises were to prevail, the Funds would refund any overpayment to it.  This option has the additional benefit to Bunn Enterprises of avoiding further interest and late charges chargeable under 29 U.S.C. 1132(g).

Second, any of the individual Plaintiffs who face a lapse in coverage will have the option to self-pay monthly premiums to continue their health and welfare coverage. (See Exhibit C)   If Plaintiffs were to prevail against the Funds or if the Funds subsequently collect contributions from Bunn Enterprises based upon hours worked by the individual Plaintiffs, the self-paid contributions would be refunded.  Because Plaintiffs allege injury that could be fully addressed through monetary relief, a preliminary injunction is improper.

D.      **An Injunction Will Cause Substantial Harm to the Fund and its Participants.**

Estimating that the best defense is a good offense, Bunn Enterprises is using its own employees as pawns in an effort to avoid its obligations to pay for their pension and health and welfare benefits.  Bunn Enterprises' contributions do not simply fund the benefits provided to its current employees on a month-by-month basis.  Employer contributions from contributing

---

[1] There is no subject matter jurisdiction for Bunn Enterprises' claims under ERISA, 29 U.S.C. § 1132, as an employer.  Great Lakes Steel, Div. of Nat'l Steel Corp. v. Deggendorf, 716 F.2d 1101 (6th Cir. 1983).

9

employers across the state are pooled to allow the Funds to provide benefits to their employees, retirees, and their families. In this respect, risk and costs are shared by all contributing employers. To provide these benefits, the Funds expect to receive contributions from all employers for "all hours paid" times the contribution rate. Plaintiffs' misconstruction of the collective bargaining agreement jeopardizes the funding of the entire H&W Plan, and all the Plans. Indeed, as to the Pension Plan, there are regulated funding requirements that could impact the financial position of the Pension Plan if Plaintiffs' interpretation were adopted.

Bunn Enterprises wants benefits to be provided to its employees without meeting their obligations to pay for those benefits. Ironically, Bunn Enterprises has joined with its employees as co-plaintiffs in this litigation. The appropriate remedies for Bunn Enterprises' employees is to (1) file an unfair labor practice with the National Labor Relations Board based upon Bunn Enterprises' repudiation of their obligations under the labor agreement or (2) file an action under § 301 of the Labor Management Relations Act against Bunn Enterprises to enforce their rights to contributions under the CBA. The conflict and inconsistency between the positions of Bunn Enterprises and its employees is palpable.

### E. The Public Interest Is Not Served By an Injunction

The requested relief rewards Bunn Enterprises for its failure to pay contributions. The Funds would be harmed, Bunn Enterprises will be unjust enriched, and Bunn Enterprises' competitors, who meet their obligations under the CBA, will be placed at a disadvantage because they are paying the fringe benefit contributions for their employees.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs are not entitled to preliminary injunctive relief.

        Respectfully submitted,

        /s/Daniel J. Clark
        Daniel J. Clark, (0075125), Trial Attorney
        Allen S. Kinzer (0040237)
        Michael J. Settineri (0073369)
        Vorys, Sater, Seymour Pease LLP
        52 East Gay Street
        P.O. Box 1008
        Columbus, Ohio 43216-1008
        Telephone: (614) 464-6400
        Facsimile: (614) 464-6350
        djclark@vorys.com
        askinzer@vorys.com
        mjsettineri@vorys.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2012, I electronically filed the foregoing Defendant's Opening Brief in Opposition to Plaintiffs' Request for Preliminary Injunction using the Court's CM/ECF system, which will send notification of such filing to the following ECF users:

Ronald L. Mason
Aaron T. Tulenick
Mason Law Firm Co., LPA
425 Metro Place North, Suite 620
Dublin, Ohio 43017

              /s/Daniel J. Clark
              *One of Attorneys for Defendants*