UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BUNN ENTERPRISES, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No.:   2:13-cv-00357 |
| | : | |
| v. | : | |
| | : | JUDGE:  ALGENON L. MARBLEY |
| OHIO OPERATING ENGINEERS | : | |
| FRINGE BENEFIT PROGRAMS | : | Magistrate Judge:  Terence P. Kemp |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S OPENING BRIEF OPPOSING PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION**

**I.    PLAINTIFFS CAN SUCCEED ON THE MERITS OF THEIR CLAIM**

**A.    Bunn Is Only Required To Make Contributions For Those Hours Performing Covered Work**

Defendant's argument that *Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc.,* 30 F.3d 692, 695-696 (6th Cir. 1994) and its progeny is not controlling in this matter is without merit.  This Court's decision in *Orrand et al. v. Keim Concrete Pumping*, *Inc.,* 2010 U.S. Dist. LEXIS 89215 (S.D. Ohio 2010), only bolsters Plaintiffs' position.  The Fund contended that the CBA required fringe benefit contributions for *all* employees and for *all* hours paid.  Id. at * 51.  However, the Court determined that "[t]he language of the CBA is clear that fringe benefit contributions are to be made for all employees ***performing work covered by the CBA*** for all hours paid." (emphasis added).  Additionally, paragraph 3 set forth in Article II, *Provisions and Limitations*, of the CBA expressly limits contributions to covered work.  Paragraph 3 states:

> 3.    All members of the Labor Relations Division of the Ohio Contractors Association, and any person, firm or corporation who as an Employer becomes signatory to this Agreement, shall be bound by all terms and conditions of this Agreement as well as any future amendments which may be negotiated by the

>Labor Relations Division of the Ohio Contractors Association and the Union, and furthermore, shall be bound to make Health and Welfare payments, Pension payments, Apprenticeship Fund and Safety and Educational Fund payments required under Article V **for all work performed within the work jurisdiction outlined in Article I of this Agreement**, or any other payment established by the appropriate Agreement.  (emphasis added).

Bunn does not dispute that it has a contractual obligation to make contributions for all hours paid to employees for the performance of covered work under the CBA.

### B. Failure to Exhaust Administrative Remedies Is Not An Automatic Bar To Plaintiffs' Claims

The failure to exhaust administrative remedies is not an automatic bar in every instance. The application of the doctrine in an ERISA case lies within the sound discretion of the district court and can be overturned on appeal only if there has been an abuse of discretion.  See, *Fallick v. Nationwide Mutual Insurance Co.,* 162 F.3d 410, 418 (6th Cir. 1998)[1], citing *Constantino v. TRW, Inc.* 13 F.3d 969 (6th Cir. 1994).  See also, *Central States, Southeast and Southwest Areas Pension Fund v. Groesback Lumber & Supply, Inc.*, 2000 U.S. Dist. LEXIS 2183, *8 (N.D. Ill. 2000) (Court refused to dismiss portion of employer's counterclaim even though employer failed to exhaust administrative remedies because pursuit of such remedies would be futile and for the sake of judicial economy).  The court is obliged to exercise its discretion to excuse nonexhaustion where resorting to the plan's administrative procedures would be futile or the remedy inadequate.  See, *Fallick*, 162 F.3d at 418.  The standard for futility is whether a clear and positive indication of futility can be made, i.e., the claimant's appeal will be denied.  Id. at 419.

In both *Fallick* and *Costantino* the Court determined that the Plaintiffs were not required to exhaust their administrative remedies under ERISA.  In both instances the Court determined

---

[1] In *Fallick,* the Court overturned the District Court's summary judgment against the Plaintiff.  The Court concluded that any effort by the Plaintiff to follow administrative procedures would be futile.

that the Defendants either failed to comprehend the true nature of Plaintiffs' claims or simply chose to mischaracterize them.  Id. at 420.  In *Constantino* the plaintiffs were not challenging the interpretation of the plan amendments, but the amendments themselves.   Id.  In that sense it, would be futile to require plaintiffs to exhaust their administrative remedies because the Defendant would simply recalculate the benefits and reach the same result.  Id.  Similarly, in *Fallick*, the Defendant sought to mischaracterize plaintiff's action as a claim by claim payment of medical benefits while the plaintiff was actually challenging the defendant's methodology for determining reasonable and customary limitations.  Id.  The Court concluded:  "In this case, requiring Fallick to exhaust Nationwide's formal administrative appeals process would in fact be contrary to the policies served by exhaustion.  The law does not require parties to engage in meaningless acts or to needlessly squander resources as a prerequisite to commencing litigation." Id.

The instant matter is analogous to *Fallick* and *Constantino*.  The crux of Plaintiffs' Complaint is the Fund's unlawful demand to be paid contributions for hours performing work that is not covered under the CBA.  In so doing, Plaintiffs are being denied health insurance benefits they are otherwise eligible to receive.  Requiring Plaintiffs to appeal to the Fund's Trustees is futile.  Attached to the Fund's Opening Brief is correspondence it sent to the individual Plaintiffs notifying them that they do not have sufficient employer contributions to provide them with Health and Welfare coverage even though these employees had worked the requisite hours needed to obtain/retain health insurance and Bunn had made (and continues to do so) the requisite employer contributions.  Just as in *Constantino*, the Fund will simply "recalculate" the employer contributions and determine they are not eligible for insurance, not because they have failed to work the requisite hours and not because Bunn has failed to make the

requisite contributions on their behalf. Rather, because the Fund is demanding employer contributions be paid for the hours which Newlon performed work that is not covered under the CBA and contributions remitted by Bunn continue to be credited towards the disputed amount rather than the employees whom the contributions were intended.

The Fund has already determined that Bunn owes money for *all* hours worked by Newlon. As indicated by its correspondence preceding this case and the arguments it has made thus far, nothing short of a court order is going to convince them otherwise. Thus, common sense dictates any attempt by individual plaintiffs to exhaust their remedies in an effort to regain eligibility under the terms of the plan would be futile. The Trustees made their determination when they withheld Morgan's medical benefits and the Fund has all but admitted it will not credit the Plaintiffs with hours worked until Bunn pays the disputed amount. The Fund even states that the "individual Plaintiffs should be asserting causes of action against Bunn Enterprises, not the Funds." Defendant's Opening Brief, p. 1. Such a statement plainly demonstrates that any attempt to follow the administrative procedures argued by the Fund would be fruitless. Plaintiffs need not squander resources as a prerequisite to commencing litigation.

## II. PLAINTIFFS WILL BE IRREPARABLY HARMED ABSENT A PRELIMINARY INJUNCTION

Plaintiffs' have already established irreparable harm. The Fund has admitted some of the plaintiffs have lost their health insurance benefits for which they are otherwise eligible to receive. Bunn has continued to remit monthly contributions for all of its employees who perform covered work. Nevertheless, rather than credit the individuals for whom the contributions were made, the Fund is applying these contribution payments towards the findings of the disputed audit. In doing so, individual Plaintiffs have been denied medical benefits for which they are otherwise eligible to receive. Courts routinely hold that loss of medical benefits established

4

irreparable harm.  See, *Whelan v. Colgan*, 602 F.2d 1060, 1062 (2nd Cir. 1979).  See also, *United Steelworkers of America v. Textron, Inc.*, 826 F. Supp.2d 6, 8 (1st Cir. 1987); *Mamula v. Satralloy, Inc.,* 578 F. Supp. 563, (S.D. Ohio 1983); *Schalk v. Teledyne, Inc.,* 751 F.Supp. 1261 (W.D. Michigan 1990), aff'd 948 F.2d 1290 (6th Cir. 1991); and *Golden v. Kelsey Hayes Co.*, 845 F.Supp. 410 (E.D. Mich. 1994), aff'd 73 F.3d 648 (6th Cir. 1996).

### III.  CONCLUSION

For the reasons outlined above, Plaintiffs respectfully request that this Court grant the preliminary injunction in its entirety.

Dated this 30th day of April, 2013.

                                                        Respectfully submitted,

                                                        /s/ Ronald L. Mason
                                                        Ronald L. Mason (0030110) (Trial Attorney)
                                                        Aaron T. Tulencik (0073049)
                                                        Mason Law Firm Co., L.P.A.
                                                        425 Metro Place North, Suite 620
                                                        Dublin, Ohio 43017
                                                        t: 614.734.9450
                                                        f:  614.734.9451
                                                        rmason@maslawfirm.com
                                                        atulencik@maslawfirm.com

                                                        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2013, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered to receive electronic notices.

/s/ Aaron Tulencik
Aaron Tulencik (0073049)