IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BUNN ENTERPRISES, INC., *ET AL.* | : | CASE NO. 2:13-CV-00357 |
| Plaintiff, | : | |
| | : | JUDGE MARBLEY |
| v. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| THE OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION**

**I.  INTRODUCTION**

Plaintiff Bunn Enterprises is a party to collective bargaining agreements ("CBA") with the International Union of Operating Engineers, Local Nos. 18, 18A and 18B. ("Local 18"). Pursuant to the CBA, Bunn is obligated to make fringe benefits contributions to four Ohio Operating Engineer Fringe Benefit Funds.

Defendants are the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund and the Ohio Operating Engineers Safety & Education Fund (the "Funds").[1]  The Funds are jointly-administered multi-employer fringe benefit programs established for the benefit of employees of contractors who perform work pursuant to a collective bargaining agreement with Local 18. Raymond Orrand administers the Funds on behalf of the Trustees.

---

[1] Plaintiff has named a non-existent single entity "The Ohio Operating Engineers Fringe Benefit Programs."  The undersigned represent the Pension Fund and the Health and Welfare Fund, and it is the actions of these Funds that are apparently the subject of Plaintiffs request for Preliminary Injunction.

1

The CBA required Bunn to hire union members, to pay union dues to the Union, and to make fringe benefit contributions to the Funds. Also by virtue of the execution of the CBA, Bunn became party to Declarations of Trust establishing the Ohio Operating Engineers Health and Welfare Plan, Pension Trust Agreement, Apprenticeship Trust Agreement, and the Education and Safety Trust Agreement, and agreed to make contributions to those funds as outlined in the agreement. Bunn is obligated under the CBA to pay contributions to the Funds for "**all hours paid to each employee.**" See Defendant's Opening Brief p. 7.

Bunn has failed to make all of its required contributions, resulting in a delinquency in an amount in excess of $50,000. Because of this delinquency not all of Bunn's employees have been credited with all of the hours of service that they should have been had contributions been paid in full. Rather than pay the delinquent contributions, Bunn has initiated this action on its own behalf and purportedly on behalf of its current and former employees to compel the Funds to provide benefits based upon the contributions that Bunn has refused to pay. Bunn's request for a preliminary injunction must be denied.

**III.    ARGUMENT**

    **B.    Plaintiffs Cannot Succeed on the Merits.**

        **1. Plaintiffs Have Failed to Exhaust their Administrative Remedies.**

Plaintiffs' Opening Brief doe not even argue that any f the Plaintiffs have exhausted their administrative remedies before initiating this lawsuit. Both the Pension Fund and Health and Welfare Fund require that an eligibility determination be appealed to the Trustees before any litigation can be initiated against the Trustees. Plaintiffs have wholly failed to comply with this requirement. Their claims will fail as a matter of law.

### 2.  This Court Has Repeatedly Rejected Bunn's Argument

Bunn Enterprises' position is inconsistent with the CBA and with the decades of precedent from this Court interpreting the very same contract language.  This language has remained unchanged in the CBA for decades and has been repeatedly held by this Court to require contributions based upon all hours paid to the employees.  Whether an employee is performing non-covered work for some of the hours he worked is immaterial to determining the contributions due to the Funds.   Defendant's Opening Brief cited three opinions from this Court adopting the Funds' position on this question.  In addition to those cases the Court should also consider the precedent of Orrand  et al. v. Maintenance Unlimited, Inc., Case No. 2:96-cv-766, at p. 4-5 (S.D. Ohio Feb. 25, 1998)(attached hereto as Exhibit A).  In Maintenance Unlimited, this Court once again affirmed the Funds position that "a signatory employer is required to pay fringe benefit contributions in connection with all hours worked and paid, even for non-covered hours." Id.  Given this precedent and the other authorities cited in Defendant's Opening Brief, Plaintiffs cannot demonstrate a strong likelihood of success.  A preliminary injunction is not warranted.

### C.    Plaintiffs Have Not Established Irreparable Injury.

A plaintiff's harm is irreparable only if it is not fully compensable by monetary damages. Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 578 (6th Cir. 2002); Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992).  Plaintiffs have not established any injury that could not be compensated through monetary damages.

Bunn attempts to recast its refusal to uphold the CBA my making required contributions, into a refusal by OOE to provide health care coverage.  However, if Bunn paid its premiums as required by the CBA, all of its employee's would have whatever level of coverage they are entitled to under the H&W Plan.  More importantly, Bunn's employees are not losing access to

H&W coverage as self-pay is still available.  H&W coverage is not free.  Premiums must be paid by a contributing employer or by a participant to secure and sustain coverage.  Plaintiff's misstates the issue and claims the H&W Fund is withholding coverage.  It is not.

The Supreme Court and Sixth Circuit have recognized that, "mere injuries, however substantial in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Babler v. Futhey, 618 F.3d 514, 523-24 (6th Cir. 2010) (citing Sampson v. Murray, 415 U.S. 61, 90 (1974)). The elimination of benefits is not at issue here because plaintiffs can retain their coverage during the pendency of the litigation and any costs that plaintiff would expend could be reimbursed in the unlikely event that the Plaintiffs prevailed.

If Plaintiffs were to lose coverage it is a self-inflicted injury attributable to Bunn Enterprises' failure to make contributions on their behalf or to their failure to make self-pay contributions.  Self-inflicted harm does not qualify as irreparable.  Salt Lake Trib. Pub. Co. v. AT & T Corp., 320 F.3d 1081, 1106 (10th Cir. 2003) ("We will not consider a self-inflicted harm to be irreparable"); Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3d. Cir. 1995) ("If the harm complained of is self-inflicted it does not qualify as irreparable harm") (citing 11A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Fed. Prac. & Proc. § 2948.1, pp. 152-153 (1995)).

To demonstrate irreparable harm, the plaintiffs must show that unless OOE pays the premium payment, they will suffer "actual and imminent" harm rather than harm that is speculative or unsubstantiated.  Monsanto Co. v. Manning, 841 F.2d 1126, 1998 WL 19169, at *6 (6th Cir. 1998).   Here there is no question that Plaintiffs can make self-payments that will

continue their coverage under the Plan.  Plaintiffs could appeal the eligibility determination to the H&W Plan Trustees to seek a refund of self-paid contributions.

The cases cited by Plaintiffs in support of irreparable harm are easily distinguishable from the present case.  The cases cited by Plaintiffs represent situations where retirees established that they had had been denied the ability to secure continued healthcare coverage.  Here, Plaintiffs undeniably have the ability to continue their coverage for the indefinite future.  The fact that they would have to pay premiums to extend that coverage does not render their harm irreparable.  See Cooper v. TWA Airlines, LLC, 274 F. Supp. 2d 231, 241 (E.D.N.Y. 2003) (because plaintiffs could obtain COBRA coverage no irreparable harm was present).

**IV.     CONCLUSION**

Plaintiffs have not demonstrated a strong likelihood of  success on the merits.  The claim of Bunn Enterprises is contrary to decades of existing precedent from this Court.  The claims of Bunn's individual employees fail because they are challenging eligibility determinations without first exhausting their administrative remedies.  Moreover, the Plaintiffs have not demonstrated irreparable harm.  To obtain health and welfare benefits, the benefits must be paid for through contributions from Bunn Enterprises, another employer, or Plaintiffs themselves.

Respectfully submitted,

/s/Daniel J. Clark
Daniel J. Clark, (0075125), Trial Attorney
Allen S. Kinzer (0040237)
Michael J. Settineri (0073369)
Vorys, Sater, Seymour Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 464-6350
djclark@vorys.com
askinzer@vorys.com
mjsettineri@vorys.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2013, I electronically filed the foregoing Defendant's Response Brief in Opposition to Plaintiffs' Request for Preliminary Injunction using the Court's CM/ECF system, which will send notification of such filing to the following ECF users:

Ronald L. Mason
Aaron T. Tulenick
Mason Law Firm Co., LPA
425 Metro Place North, Suite 620
Dublin, Ohio 43017

                                    /s/Daniel J. Clark
                                    *One of Attorneys for Defendants*