**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BUNN ENTERPRISES, INC., ET AL. | : | CASE NO. 2-13-CV-357 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Marbley |
| v. | : | |
| | : | Magistrate Judge Kemp |
| | : | |
| THE OHIO OPERATING ENGINEERS | : | |
| FRINGE BENEFIT PROGRAMS | : | |
| | : | |
| Defendant. | : | |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, and the Ohio Operating Engineers Safety & Education Fund (the "Funds") hereby answer the Complaint of Plaintiffs Bunn Enterprises, Inc. ("Bunn"), Kevin W. Bunn, Delbert G. Newlon, Daniel J. Lantz, Mark A. Morgan, Michael S. Schau, and David E. Welch.[1] The numbered paragraphs below correspond to the allegations contained in Plaintiffs' Complaint. As its first defense, Defendant states as follows:

## INTRODUCTION

1.  Defendants do not contest that Plaintiffs' Complaint is an action for declaratory relief and damages. Defendants aver that the documents listed as Exhibits A, B, and C speaks for themselves. Defendants admit that the dispute between the parties is whether Bunn is contractually obligated to make contributions to the Funds for all hours worked by each

---

[1] Plaintiff has named a non-existent single entity "The Ohio Operating Engineers Fringe Benefit Programs." The undersigned represent the Ohio Operating Engineers Pension Fund, the Health and Welfare Fund, the Apprenticeship Fund, and Education and Safety Fund..

employee.  Defendants deny that Plaintiffs are entitled to any relief whatsoever.  Defendants deny the remainder of the allegations contained within paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.  In response to Paragraph 2 of the Complaint, Defendants do not contest that this Court has subject matter jurisdiction over Plaintiffs' Complaint under 28 U.S.C. §1331 and 29 U.S.C. §185(a).  Defendants deny the remainder of the allegations contained within Plaintiffs' Complaint.

3.  Defendants deny the allegations contained within Paragraph 3 of Plaintiffs" Complaint.

4.  In response to Paragraph 4 of the Complaint, Defendants admit that this Court also has subject matter jurisdiction 29 U.S.C. §1132(a)(1) and (3).  Defendants deny the remainder of the allegations contained within Paragraph 4 of Plaintiffs' Complaint.

5.  In response to Paragraph 5 of the Complaint, Defendants admit that venue is proper in this Court.   Defendants deny the allegations contained within Paragraph 5 of Plaintiffs' Complaint.

6.  Defendants admit to the allegation contained in Paragraph 6 of the Complaint.

7.  In response to Paragraph 7 of the Complaint, Defendants admit that they are administered in Ohio.  Defendants deny the remainder of the allegations contained within Paragraph 57 of the Complaint.

8.  Upon information and belief, Defendants admit to the allegation contained within Paragraph 8 of the Complaint.

9.  Upon information and belief, Defendants admit to the allegation contained within Paragraph 9 of the Complaint.

10. Upon information and belief, Defendants admit to the allegation contained within Paragraph 10 of the Complaint.

11. Upon information and belief, Defendants admit to the allegation contained within Paragraph 11 of the Complaint.

12. Defendants are without information or knowledge sufficient to form a belief as to the truth of the Allegation contained in Paragraph 12 of the Complaint, and thus deny the same.

13. Upon information and belief, Defendants admit to the allegation contained within Paragraph 13 of the Complaint.

## THE PARTIES

14. Upon information and belief, Defendants admit to the allegations contained within Paragraph 14.

15. In response to Paragraph 15 of the Complaint, upon information and belief, K.W. Bunn is the owner of Bunn, a "participant" in Fund, and a member of the International Union of Operating Engineers ("Local 18").  Defendants deny the allegation that K.W. Bunn first paid into the Fund's Health and Welfare Plan in January, 1996.

16. Upon information and belief, Defendants admit that Newlon is a participant in the Pension Fund.  Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Lantz is a "participant" in the Health and Welfare Fund. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that Morgan is a "participant" in the Health and Welfare Fund. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

19. Upon information and belief, Defendants admit that Schau is an employee of Bunn.

Defendants deny the remainder of the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the remainder of the allegations contained in Paragraph 20 of the Complaint.

**21.** Defendants admit that they are "employee benefit plans" subject to ERISA. Defendants deny the remainder of the allegations contained in Paragraph 21 of the Complaint.

## RELEVANT FACTS

22. Upon information and belief, Defendants admit that Bunn is a union employer. Defendants are without sufficient knowledge or information to form a belief as to truth of the remainder of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit to the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit to the allegations contained in Paragraph 24 of the Complaint.

25. In response to the allegation contained in Paragraph 25 of the Complaint, Defendants aver that Paragraph 35 of the CBA speaks for itself.

26. In response to the allegation contained in Paragraph 26 of the Complaint, Defendants aver that Paragraph 35, Article II of the CBA speaks for itself.

27. In response to the allegation contained in Paragraph 27 of the Complaint, Defendants aver that the CBA speaks for itself.  Defendants admit that they have the right to audit the books and records of signatory employers.

28. In response to the allegation contained in Paragraph 28 of the Complaint, Defendants aver that the October 12, 2011 Letter speaks for itself.

29. In response to the allegation contained in Paragraph 29 of the Complaint, Defendants aver that the November 14, 2011 Letter speaks for itself.

30. Defendants admit to the allegations contained in Paragraph 30 of the Complaint.

4

31. In response to the allegation contained in Paragraph 31 of the Complaint, Defendants aver that the Audit results dated January 19, 2012 speaks for itself.

32. Defendants admit to the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit to the allegations contained in Paragraph 33 of the Complaint.

34. In response to the allegation contained in Paragraph 34 of the Complaint, Defendants aver that Bunn's February 1, 2012 Letter disputing the results speaks for itself.

35. Defendants deny to the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit to the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit to the allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit to the allegations contained in Paragraph 38 of the Complaint.

39. In response to the allegation contained in Paragraph 39 of the Complaint, Defendants aver that the second set of audit findings speaks for itself.

40. Defendants admit to the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit to the allegations contained in Paragraph 41 of the Complaint.

42. In response to the allegation contained in Paragraph 42 of the Complaint, Defendants aver that the March 13, 2012 Letter speaks for itself.

43. In response to the allegation contained in Paragraph 43, Defendants admit that they assert under the CBA that Bunn is obligated to pay fringe benefit contributions for all hours worked by each employee.  Defendants deny the remainder of the allegations contained within Paragraph 43 of the Complaint.

44. In response to the allegation contained in Paragraph 44 of the Complaint, Defendants aver that Bunn's Letter dated March 29, 2012 speaks for itself.

45. Defendants admit to the allegations contained in Paragraph 45 of the Complaint.

5

## DELBERT NEWLON

46.  In response to the allegation contained in Paragraph 46 of the Complaint, Defendants aver that Fund's Letter dated October 11, 2012 speaks for itself.

47. Defendants admit that in the October 11, 2012 Letter, Funds requested that Mr. Newlon provide income tax returns and W-2's for the years 2008, 2009, and 2010.  Defendants deny the remainder of the allegations contained in Paragraph 47 of the Complaint.

48. Defendants are without sufficient knowledge or information to form a belief as to truth of the remainder of the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint**.**

50. Defendants are unable to determine the meaning of "farm work, errands, and/or deliveries and thus deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants are unable to determine the meaning of "limited covered work" and thus deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint**.**

53. In response to the allegation contained in Paragraph 53 of the Complaint, Defendants aver that Exhibit K speaks for itself.

54. In response to the allegation contained in Paragraph 54 of the Complaint, Defendants aver that Exhibit L speaks for itself.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint**.**

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint**.**

57. Defendants admit to the allegations contained in Paragraph 57 of the Complaint.

58. Defendants admit to the allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit to the allegations contained in Paragraph 59 of the Complaint.

60. Defendants admit to the allegations contained in Paragraph 60 of the Complaint.

61. Defendants admit to the allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit to the allegations contained in Paragraph 62 of the Complaint.

63. In response to the allegation contained in Paragraph 63 of the Complaint, Defendants aver that Exhibit M speaks for itself.

64. In response to the allegation contained in Paragraph 64 of the Complaint, Defendants aver that Exhibit N speaks for itself.

65. Defendants admit to the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. In response to the allegation contained in Paragraph 68 of the Complaint, Defendants aver that second audit speaks for itself.

69. Defendants admit to the allegations contained in Paragraph 69 of the Complaint.

70. Defendants admit to the allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit to the allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit to the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit to the allegations contained in Paragraph 74 of the Complaint.

75. Defendants admit to the allegations contained in Paragraph 75 of the Complaint.

76. Defendants admit to the allegations contained in Paragraph 76 of the Complaint.

77. Defendants admit to the allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit to the allegations contained in Paragraph 78 of the Complaint.

79. Defendants admit to the allegations contained in Paragraph 79 of the Complaint.

80. In response to the allegation contained in Paragraph 80 of the Complaint, Defendants aver that Exhibit P speaks for itself.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. In response to the allegation contained in Paragraph 83 of the Complaint, Defendants aver that second audit speaks for itself.

84. Defendants admit to the allegations contained in Paragraph 84 of the Complaint.

85. Defendants admit to the allegations contained in Paragraph 85 of the Complaint.

86. Defendants admit to the allegations contained in Paragraph 86 of the Complaint.

87. Defendants admit to the allegations contained in Paragraph 87 of the Complaint.

88. Defendants admit to the allegations contained in Paragraph 88 of the Complaint.

89. Defendants admit to the allegations contained in Paragraph 89 of the Complaint.

90. Defendants admit to the allegations contained in Paragraph 90 of the Complaint.

91. Defendants admit to the allegations contained in Paragraph 91 of the Complaint.

92. In response to the allegations contained in Paragraph 92 of the Complaint, Defendant admit that Newlon received a check in the amount of $5,617.50 for his monthly premiums from October 2008 through July 2009.  Defendants deny that the Letter indicates that Newlon was no eligible for his pension effective July 31, 2009.  Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. In response to the allegation contained in Paragraph 94 of the Complaint, Defendants aver that Exhibit R speaks for itself.

95. In response to the allegation contained in Paragraph 95 of the Complaint, Defendants

8

aver that Exhibit S speaks for itself.

96. In response to the allegation contained in Paragraph 96 of the Complaint, Defendants aver that Exhibit T speaks for itself.

97. Defendants admit to the allegations contained in Paragraph 97 of the Complaint.

98. In response to the allegation contained in Paragraph 98 of the Complaint, Defendants aver that Exhibit U speaks for itself.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. In response to the allegation contained in Paragraph 103 of the Complaint, Defendants aver that Exhibit V speaks for itself.

104. In response to the allegation contained in Paragraph 104 of the Complaint, Defendants aver that Exhibit W speaks for itself.

105. In response to the allegation contained in Paragraph 105 of the Complaint, Defendants aver that Exhibit X speaks for itself.

106. In response to the allegation contained in Paragraph 106 of the Complaint, Defendants aver that Exhibit Y speaks for itself.

107. In response to the allegation contained in Paragraph 107 of the Complaint, Defendants aver that Exhibit Z speaks for itself.

108. Defendants are without sufficient knowledge or information to form a belief as to truth of the remainder of the allegations contained in Paragraph 108 of the Complaint, and thus deny the same.

109.    Defendants are without sufficient knowledge or information to form a belief as to truth of the remainder of the allegations contained in Paragraph 109 of the Complaint, and thus deny the same.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants are without sufficient knowledge or information to form a belief as to truth of the allegations contained in Paragraph 112 of the Complaint, and accordingly deny the same.

113.    Defendants are without sufficient knowledge or information to form a belief as to truth of the remainder of the allegations contained in Paragraph 113 of the Complaint, and accordingly deny the same.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants admit to the allegations contained in Paragraph 115 of the Complaint.

116.    In response to the allegation contained in Paragraph 116 of the Complaint, Defendants aver that Exhibit AA speaks for itself.

117.    In response to the allegation contained in Paragraph 117 of the Complaint, Defendants aver that Exhibit BB speaks for itself.

118.    In response to the allegation contained in Paragraph 118 of the Complaint, Defendants aver that Exhibit CC speaks for itself.

119.    In response to the allegation contained in Paragraph 119 of the Complaint, Defendants aver that Exhibit DD speaks for itself.

120.    In response to the allegation contained in Paragraph 120 of the Complaint, Defendants aver that Exhibit EE speaks for itself.

121.    In response to the allegation contained in Paragraph 121 of the Complaint, Defendants aver that Exhibit FF speaks for itself.

122.    Defendants admit to the allegations contained in Paragraph 122 of the Complaint.

123.    In response to the allegation contained in Paragraph 123 of the Complaint, Defendants aver that Exhibit GG speaks for itself.

124.    In response to the allegation contained in Paragraph 124 of the Complaint, Defendants aver that Exhibit HH speaks for itself.

125.    In response to the allegation contained in Paragraph 125 of the Complaint, Defendants aver that Exhibit II speaks for itself.

126.    Defendants admit to the allegations contained in Paragraph 126 of the Complaint.

## COUNT ONE
## CLAIM FOR DECLARATORY JUDGMENT

127.    In response to Paragraph 127 of the Complaint, Defendants restate their responses to Paragraph 1 through 126 above as if fully rewritten herein.

128.    Defendants admit to the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

## COUNT THREE
## CLAIM FOR PRELIMINARY AND PERMANENT INJUNCTION

134.    In response to Paragraph 134 of the Complaint, Defendants restate their responses to Paragraph 1 through 133 above as if fully rewritten herein.

11

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby state the following affirmative and additional defenses, but do not assume the burden of proof on any particular defense asserted unless required by law.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to exhaust their administrative remedies as proscribed in the Health and Welfare Plan document.

## THIRD DEFENSE

This Court lacks jurisdiction because they are not ripe.

## FOURTH DEFENSE

Plaintiffs have received all of the benefits to which they are currently entitled under the Health and Welfare Plan.

## FIFTH DEFENSE

Defendants acted at all time in accordance with the governing documents of the Health and Welfare Plan and Pension Fund.

## SIXETH DEFENSE

The suspension of Plaintiffs' health and welfare and/or pension benefits were not arbitrary or capricious.

## SEVENTH DEFENSE

Defendants acted at all times acted in good faith and in the interest of the beneficiaries and participants of the Health and Welfare Plan and Pension Fund.

## EIGHTH DEFENSE

Bunn lacks standing to seek relief or declaratory judgment under ERISA.

## NINTH DEFENSE

All declaratory and injunctive relief should be denied because the harm caused granting injunctive relief to the Plaintiffs to the Health and Welfare Plan would be outweighed by the greater harm caused to the Health and Welfare Plan and Pension Fund.

## TENTH DEFENSE

Plaintiffs' Complaint seeks relief in both a manner and amount that is not available to them as a matter of law.

## ELEVENTH DEFENSE

Defendants reserve their right to assert additional affirmative defenses available in the event that discovery reveals that such defenses are appropriate.

**WHEREFORE**, Defendants respectfully request that the Court dismiss this action with prejudice and award Defendants attorney fees, courts costs, and any other relief that this Court deems appropriate.

## COUNTERCLAIM

For its counterclaims against Plaintiff Bunn Enterprises, Inc., states as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is based upon U.S.C. §185(a), 29 U.S.C. §1132(a)(3),

and §1145, as the action arises from Bunn's violation of and continued refusal to comply with the terms and provisions of the collective-bargaining agreement, trust agreements, and employee-benefit plans.  Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and S.D. Ohio Civ. R. 82.1.

## COUNT I

2.    The Trustees of the Ohio Operating Engineers Health and Welfare Plan (hereinafter referred to as the "Health and Welfare Trustees") are the duly appointed, qualified, and acting trustees of the trust established as part of the Ohio Operating Engineers Health and Welfare Plan by Agreement and Declaration of Trust dated May 26, 1989, as amended, (hereinafter referred to as the "Health and Welfare Trust Agreement") between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce.  The Health and Welfare Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Health and Welfare Trust.  The Health and Welfare Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. §1132. The plan is administered in Columbus, Ohio.

3.    Bunn Enterprises, Inc. ("Bunn") is an Ohio corporation with its principal place of business in Fleming, Ohio at all relevant times has been engaged in an industry affecting commerce, i.e., contracting work.

4.    Bunn is an employer in an industry affecting commerce within the meaning of 29 U.S.C §§151 et seq.

5.    Bunn executed an Ohio Highway Heavy Agreement on February 10, 2011 by

14

terms of which Bunn also became a party to the Agreements and Declarations of Trust

that established the Ohio Operating Engineers Health and Welfare Plan, Pension Fund,

Apprenticeship Fund, and Education and Safety Fund (the "Trust Agreements") and became

bound by the terms and conditions set forth therein.  A copy of the Agreements is attached and

marked as Exhibit "A" and incorporated herein.

6.      Bunn executed a Building Construction Agreement on approximately February 10, 2011

by the terms of which Bunn also became a party to the Agreements and Declarations of Trust

that established the Ohio Operating Engineers Health and Welfare Plan, Pension Fund,

Apprenticeship Fund, and Education and Safety Fund (the "Trust Agreements") and became

bound by the terms and conditions set forth therein.  A copy of the Agreements is attached and

marked as Exhibit "B" and incorporated herein.

7.   Bunn failed to make timely payments to the Health and Welfare Trustees for

each covered employee and failed to perform the obligations imposed by the terms and

conditions of the Ohio Highway Heavy Agreement, Building Construction Agreement,

(hereinafter referred to as the "Agreements") and the Health and Welfare Trust Agreement.

8.   The Trustees' Field Auditor audited Bunn's payroll records on April 1, 2013.

This audit disclosed delinquent fringe benefit contributions for the period November 1, 2011 to

March 1, 2013, owed to the Health and Welfare Trustees.  Bunn is delinquent in making

contributions to the Health and Welfare Trustees in the total amount of $23,802.84.  In addition,

Bunn owes monthly contributions of an unknown amount for the unaudited period beginning

March 1, 2013 to the date of judgment.

**COUNT II**

9.  Defendants incorporate by reference the allegations of paragraphs 1 through 8 above as fully as if rewritten herein and further state that the Trustees of the Ohio Operating Engineers Pension Fund (hereinafter referred to as the "Pension Trustees") are the duly appointed, qualified, and acting trustees of the trust established as a part of the Ohio Operating Engineers Pension Fund by Agreement and Declaration of Trust dated May 26, 1989 as amended, (hereinafter referred to as "Pension Trust") between the Labor Relations Division of the Ohio Contractors Association, the Associated General Contractors of America, and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting commerce.  The Pension Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Pension Trust.  The Pension Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132.  The Plan is administered in Columbus, Ohio.

10. Under the provision of the Agreements described in paragraph 5 and 6 above, Bunn became a party to the Agreements and Declaration of Trusts (the "Pension Trust Agreement") that established the Ohio Operating Engineers Pension Fund, and became bound by the terms and conditions set forth therein.  The Ohio Highway Agreement, Building Construction Agreement and the Pension Trust Agreement contain provisions whereby Bunn agreed to make timely payments to the Pension Trustees for each employee covered by the agreements.

11. Bunn failed to make timely payments to the Pension Trustees for each covered

employee and failed to perform the obligations imposed by the terms and conditions of the Ohio

Highway Heavy Agreement, the Building Construction Agreement and the Pension Trust

Agreement.

12. The Trustees' Field Auditor audited Bunn' payroll records on April 1, 2013. This audit

disclosed delinquent fringe benefit contributions for the period November 1, 2011 to March 1,

2013, owed to the Pension Trustees.  Bunn is delinquent in making contributions to the Pension

Trustees in the total amount of $20,433.75.  In addition, Bunn owes monthly contributions of an

unknown amount for the unaudited period beginning March 1, 2013 to the date of judgment.

## COUNT III

13.  Defendants incorporate by reference the allegations of paragraphs 1 through 12 above

as fully as if rewritten herein and further state that the Trustees of the Ohio Operating Engineers

Apprenticeship Fund (hereinafter referred to as the "Apprenticeship Trustees") are the duly

appointed, qualified, and acting trustees of the trust established as a part of the Ohio Operating

Engineers Apprenticeship Fund by Agreement and Declaration of Trust dated July 12, 1989, as

amended, (hereinafter referred to as "Apprenticeship Trust") between the Labor Relations

Division of the Ohio Contractors Association, the Associated General Contractors of America,

and other employer associations, and the International Union of Operating Engineers, Locals

Nos. 18, 18A, and 18B, a labor organization representing employees in an industry affecting

commerce.  The Apprenticeship Trustees bring this action in their fiduciary capacity as trustees

for and on behalf of the participants and beneficiaries of the Apprenticeship Trust.  The

Apprenticeship Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29

U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132.  The Plan is administered in Columbus, Ohio.

14. Under the provisions of the Agreements described in paragraph 5 and 6 above, Bunn

became a party to the Agreements and Declaration of Trust (the "Apprenticeship Trust Agreement") that established the Ohio Operating Engineers Apprenticeship Fund, and became bound by the terms and conditions set forth therein.  The Ohio Highway Heavy Agreement, the Building Construction Agreement and the Apprenticeship Trust Agreement, contains provisions whereby Bunn agreed to make timely payments to the Apprenticeship Trustees for each employee covered by the agreements.

15. Bunn failed to make timely payments to the Apprenticeship Trustees for each covered employee and failed to perform the obligations imposed by the terms and conditions of the Ohio Highway Heavy Agreement, the Building Construction Agreement and the Apprenticeship Trust Agreement.

16. The Trustees' Field Auditor audited Bunn's payroll records on April 1, 2013. This audit disclosed delinquent fringe benefit contributions for the period November 1, 2011 to March 1, 2013, owed to the Apprenticeship Trustees.  Bunn is delinquent in making contributions to the Apprenticeship Trustees in the total amount of $2,144.40.  In addition, Bunn owes monthly contributions of an unknown amount for the unaudited period beginning March 1, 2013 to the date of judgment.

## COUNT IV

17. Defendants incorporate by reference the allegations of paragraphs 1 through 16 above as fully as if rewritten herein and further state that the Trustees of the Ohio Operating Engineers Education and Safety Fund (hereinafter referred to as the "Education and Safety Trustees") are the duly appointed, qualified, and acting trustees of the trust established as a part of the Ohio Operating Engineers Education and Safety Fund by Agreement and Declaration of Trust dated September 25, 1989, as amended, (hereinafter referred to as "Education and Safety Trust")

18

between the Labor Relations Division of the Ohio Contractors Association, the Associated

General Contractors of America, and other employer associations, and the International Union of

Operating Engineers, Locals Nos. 18, 18A, and 18B, a labor organization representing

employees in an industry affecting commerce.  The Education and Safety Trustees bring this

action in their fiduciary capacity as trustees for and on behalf of the participants and

beneficiaries of the Education and Safety Trust.  The Education and Safety Trust constitutes an

"employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29

U.S.C. § 1132.  The Plan is administered in Columbus, Ohio.

18. Under the provisions of the Agreements described in paragraph 5 and 6 above,

Bunn became a party to the Agreement and Declaration of Trust (the "Education and Safety

Trust Agreement") that established the Ohio Operating Engineers Education and Safety Fund,

and became bound by the terms and conditions set forth therein.  The Agreements and the

Education and Safety Trust Agreement, contain provisions whereby Bunn agreed to make timely

payments to the Education and Safety Trustees for each employee covered by the agreements.

19. Bunn failed to make timely payments to the Education and Safety Trustees

for each covered employee and failed to perform the obligations imposed by the terms and

conditions of the Ohio Highway Heavy Agreement, the Building Construction Agreement and

the Education and Safety Trust Agreement.

20. The Trustees' Field Auditor audited Bunn's payroll records on April 1, 2013.

This audit disclosed delinquent fringe benefit contributions for the period November 1, 2011 to

March 1, 2013, owed to the Education and Safety Trustees.  Bunn is delinquent in making

contributions to the Education and Safety Trustees in the total amount of $142.96.  In addition,

Bunn owes monthly contributions of an unknown amount for the unaudited period beginning April 1, 2013 to the date of judgment

## COUNT V

21. Defendants incorporate by reference the allegations of paragraphs 1 through 20 above as fully as if rewritten herein and further state that the Trust Agreements, Bunn's collective bargaining agreement, and the rules and regulations adopted by the Pension and Health and Welfare Trustees on May 26, 1989, by the Apprenticeship Trustees on July 12, 1989 and by the Education and Safety Trustees on September 25, 1989, specifically provide that the Trustees shall be entitled to recover interest of 1.5 percent per month (18 per cent per annum) times the unpaid balance of delinquent contributions in addition to the unpaid contributions. The assessment of this interest is further authorized by 29 U.S.C § 1132(g)(2)(B), which provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due to the plan, in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, interest on the unpaid contributions at the rate set by the plan.

22. Pursuant to the Trust Agreements, collective-bargaining agreement, rules and regulations adopted by the Trustees, and federal law, Bunn owes the Trustees of all four funds interest on the audit findings from the March 1, 2013 Audit in the amount of $5,106.22 as of May 15, 2013 plus $22.94 per day thereafter that the audit findings remain unpaid, and interest on the unaudited delinquencies.

## COUNT VI

23. Defendants s incorporate by reference the allegations of paragraphs 1 through 22 above as fully as if rewritten herein and further state that the Trust Agreements, Bunn's collective bargaining agreement, and the rules and regulations adopted by the Pension and Health and Welfare Trustees on May 26, 1989, by the Apprenticeship Trustees on July 12, 1989 and by the Education and Safety Trustees on September 25, 1989, specifically provide that the Trustees shall be entitled to recover interest of 1.5 percent per month (18 per cent per annum) times the unpaid balance of delinquent contributions in addition to the unpaid contributions.  The assessment of this interest is further authorized by 29 U.S.C § 1132(g)(2)(B), which provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due to the plan, in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, interest on the unpaid contributions at the rate set by the plan.

24.  Pursuant to the Trust Agreements, collective-bargaining agreement, rules and regulations adopted by the Trustees, and federal law, Bunn owes the Trustees of all four funds interest on the audit findings from the February 21, 2013 Audit for the period of January 1, 2008 to November 30, 2011 in the amount of $6,101.37.

## COUNT VII

25. Defendants incorporate by reference the allegations of paragraphs 1 through 25 above as fully as if rewritten herein and further state that the Trust Agreements, Bunn's collective bargaining agreement, and the rules and regulations adopted by the Pension and Health and Welfare Trustees on May 26, 1989, by the Apprenticeship Trustees on July 12, 1989 and by the Education and Safety Trustees on September 25, 1989, specifically provide that the Trustees

21

shall be entitled to recover interest of 1.5 percent per month (18 per cent per annum) times the unpaid balance of delinquent contributions in addition to the unpaid contributions. The assessment of this interest is further authorized by 29 U.S.C § 1132(g)(2)(B), which provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due to the plan, in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, interest on the unpaid contributions at the rate set by the plan.

26. Pursuant to the Trust Agreements, collective-bargaining agreement, rules and regulations adopted by the Trustees, and federal law, Bunn owes the Trustees of all four funds interest on the audit findings from the March 1, 2013 Audit in the amount of $5,106.22 as of May 15, 2013 plus $22.94 per day thereafter that the audit findings remain unpaid, and interest on the unaudited delinquencies.

27. Pursuant to the Trust Agreements, collective-bargaining agreement, rules and regulations adopted by the Trustees, and federal law, Bunn owes the Trustees of all four funds interest on the audit findings from the February 21, 2012 Audit in the amount of $6,101.37.

## COUNT VIII

28. Defendants incorporate by reference the allegations of paragraphs 1 through 27 above as if fully rewritten herein and further state that the Trust Agreements, Bunn's collective-bargaining agreement, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover all costs of collection, including reasonable attorney fees, in addition to the delinquent contributions owed by Bunn. Further, 29 U.S.C. §1132(g)(2)(D) specifically provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan, in which a judgment in favor of the plan is awarded, the court must

award the plan, in addition to the unpaid contributions, reasonable attorney fees and costs of the action.

29. Pursuant to the Trust Agreements, collective-bargaining agreement, rules and regulations adopted by the Trustees, and federal law, Bunn owes the Trustees of all four funds reasonable attorney fees as set by the court and court costs.

## COUNT IX

30. Defendants incorporate by reference the allegations of paragraphs 1 through 29 above as fully as if rewritten herein and further state that despite demands upon Bunn to perform the contractual obligations with respect to making contributions to Defendants, Bunn has failed, neglected, omitted, and refused to make the contributions.  Further, Bunn continues to refuse to comply with the agreements by failing, neglecting, omitting, and refusing to properly report and make contributions for each employee covered by the agreements, thus creating additional delinquencies each month.

31. Because of Bunn's continued refusal to comply with the terms, conditions, rules, and regulations established by the Agreements, Defendant have no remedy at law, and unless the Bunn is enjoined from breaching and continuing to breach the terms of the agreements and mandatorily compelled to comply with the agreements, Defendants will suffer irreparable harm.

**WHEREFORE**, Defendant Health and Welfare Trustees demand a mandatory injunction directing Bunn to comply with the fringe benefit contribution and audit requirements of the Agreement and the Health and Welfare Trust Agreement, and regulations, and judgment against Bunn for the sum of $23,802.84, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

23

**WHEREFORE**, Defendant Pension Trustees demand a mandatory injunction directing Bunn to comply with the fringe benefit contributions and audit requirements of the Agreements and the Pension Trust Agreement, and regulations, and judgment against Bunn for the sums of $20,433.75, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

**WHEREFORE**, Defendant Apprenticeship Trustees demand a mandatory injunction directing Bunn to comply with the fringe benefit contribution and audit requirements of the Agreements and the Apprenticeship Trust Agreement, and regulations, and judgment against Bunn for the sum of $2,144.40, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

**WHEREFORE**, Defendant Education and Safety Trustees demand a mandatory injunction directing Bunn to comply with the fringe benefit contribution and audit requirements of the Agreements and the Education and Safety Trust Agreement, and regulations, and judgment against Bunn for the sums of $142.96, plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

**WHEREFORE**, Defendants herein demand judgment against Bunn for interest from the March 1, 2013 Audit in the amount of $5,106.22 plus $22.94 per diem for every day after May 15, 2013 in which audit findings and/or monthly contributions remain unpaid; plus whatever sums are found owing pursuant to subsequent audits and monthly reports for which contributions have not been paid;

**WHEREFORE**, Defendants herein demand judgment against Bunn for an amount equal to the statutory interest on the unpaid contributions in the amount of $6,101.37, plus from the February 21, 2012 Audit in which the audit findings and/or monthly contributions remain

24

unpaid; plus all costs of collection including reasonable attorney fees as fixed by the Court; plus court costs; and such other and further relief to which they may be entitled;

**WHEREFORE**, Defendants herein further demand an order of this Court requiring that Bunn produce to Defendants all of the books and records which are necessary for determining the hours worked by, and wages paid to, Bunn's employees who were covered by the labor agreements during the period of March 1, 2013, through present; and Defendants further pray for judgment against Bunn for all sums are found to be due and owing as a result of the audit prayed for herein, plus interest in the amount of 1.5 percent per month; interest in a like amount at the rate of 18 percent per annum; any and all costs of collection including reasonable attorney fees and Court costs herein; and such other and further relief to which they may be entitled;

**WHEREFORE**, Defendants herein further demand a preliminary injunction enjoining Bunn from violating the terms of the Agreements and the Trust Agreements, and regulations and from disposing of any assets pending the hearing of this cause; and

**WHEREFORE**, Defendants herein further demand a permanent injunction enjoining Bunn from violating the terms of the Agreements and the Trust Agreements, and regulations and from disposing of any assets until the terms of the agreements and regulations are complied with and that this Court retain jurisdiction of this cause pending compliance with its orders.

Respectfully Submitted,


/s/ Bryan C. Barch
Bryan C. Barch (0075922)
In-House Counsel
Ohio Operating Engineers
1180 East Dublin Rd.
P.O. Box 12009
Columbus, Ohio 43215
(614) 488-0708

25

(614) 488-3720 (fax)
bryanbarch@ooefbp.com


Daniel J. Clark (0075125), Trial Attorney
Allen S. Kinzer (0040237)
Michael J. Settineri (0073369)
Vorys, Sater, Seymour Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 464-6350
djclark@vorys.com
askinzer@vorys.com
mjsettineri@vorys.com

Attorneys for Defendants


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing, Defendants' Answer and

Counterclaim, was filed electronically, a copy of which will be served upon the following by the

operation of that system on this 9th day, of May, 2013:

Ronald L. Mason
Aaron T. Tulencik
Mason Law Firm Co. LPA
425 Metro Place North
Suite 620
Dublin, OH. 4301

/s/ Bryan C Barch
Bryan C. Barch

27